UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

IN RE: TYRONE NOEL NUNN,

Case No. 2:24-cv-01321-RFB-EJY

**ORDER DISMISSING AND CLOSING CASE**

*Pro se* plaintiff Tyrone Nunn, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC") and assigned NDOC #1252474, brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he alleges to have suffered while incarcerated. See ECF No. 1-1. On July 26, 2024, the Court ordered Nunn to file a single, signed complaint and either pay the full $405 filing fee or file a complete application to proceed *in forma pauperis* by September 27, 2024. ECF No. 3. The Court warned Nunn that the action could be dismissed if he failed to timely comply. Id. at 2. That deadline expired and Nunn did not file a complaint, pay the filing fee, apply for *in forma pauperis* status, or otherwise respond.

I.    **DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal

Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissing Nunn's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this Court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with the court's orders, the only alternative is to enter a second order setting another deadline. But repeating an ignored order often only delays the inevitable and further squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception because Nunn ignored the first order. Moreover, Nunn has filed over 80 *pro se* lawsuits in this district since July 2023.[1] Dozens of these lawsuits have been dismissed because Nunn failed to correct fundamental defects with them like filing a single, signed complaint and

---

[1] The Court takes judicial notice of the online docket records of the U.S. Courts, which may be accessed by the public at: https://pacer.uscourts.gov.

either paying the filing fee or filing a complete application to proceed *in forma pauperis*. See, e.g., Nunn v. Dep't of Corr., Case No. 3:24-cv-00050-ART-CLB, ECF No. 4 (D. Nev. Nov. 20, 2024) (collecting cases). Setting another deadline is not a meaningful alternative given these circumstances. Thus, the fifth factor favors dismissal.

## II.    CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. **IT IS THEREFORE ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** based on Tyrone Nunn's failure to file a complaint and either pay the filing fee or file a complete application to proceed *in forma pauperis* in compliance with the Court's order.

The Clerk of Court is **ORDERED** to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

**DATED:** February 9, 2026

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**